UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ALLAN CLAY GARLINGTON, JR.** | **CIVIL ACTION NO. 25-0494** |
| | |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| | |
| **FRANK DEAR, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Allan Clay Garlington, Jr., a detainee at Bienville Parish Jail proceeding pro se and in forma pauperis, filed this proceeding on approximately February 7, 2025, under 42 U.S.C. § 1983. He names the following Defendants: Assistant Warden Frank Dear and Warden Todd Cupp.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff states that he filed a "PREA"[2] on December 23, 2024, at Rayville Parish Detention Center ("RPDC"), about an altercation he had with another inmate, Paul Bryant, in "F Dorm." [doc. # 22, p. 1]. He appears to state that he filed the PREA because Bryant slapped him and stripped him naked. *Id.* at 2. He claims that after he filed the PREA, "RPDC was aware of substantial risk of harm to [him] by other inmate for (RATTING)/Prea filing . . . [sic]." *Id.* He claims that he was not assigned to protected custody or transferred to another facility after he filed his PREA. *Id.* He was later assigned to lockdown because he was allegedly fighting. *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

[2] By "PREA," Plaintiff presumably refers to a claim under the Prison Rape Elimination Act.

On December 27, 2024, however, he was assigned to G-dorm, even though he begged to stay in lockdown. *Id.* On December 28, 2024, he begged two officers to place him in lockdown or transfer him because he was scared "that something was going to happen." *Id.* He "was told that was up to Warden Dear and Warden Cupp." *Id.* He lived "in total fear for [his] safety from" December 27, 2024, until January 21, 2025. *Id.*

Plaintiff states that on January 17, 2025, an inmate, Adrain Turn[3] beat another inmate, Henry Washington. [doc. # 8, p. 1]. Plaintiff alleges that Turn did "not get locked up." *Id.*

Plaintiff alleges that on January 21, 2025, when he was in his bed, Turn struck him in the head with a lock and broke his tooth. [doc. #s 1-1, p. 1; 22, p. 1]. Plaintiff's bunk was "right in front of the key, 3rd high[est] bunk." [doc. # 1-1, p. 1]. He claims that he "was never supposed to be housed with" Turn. *Id.*

In one filing, Plaintiff claims that after Turner struck him, he was placed in lockdown without first receiving a "write up," where he remained until March 13, 2025, when he was transferred to Bienville Parish Jail. [doc. #s 1-1, p. 1; 8, p. 1]. In his most recent amended pleading, however, he states that he remained in lockdown for "6 or 7 days" only, until he was "made to go to H dorm" for one night. [doc. # 22, pp. 1, 2]. He alleges that in lockdown, his food was cold, he could only shower approximately every two days, he only received five minutes outside of his cell, and he was not allowed to call home. [doc. # 8, p. 2]. He was subsequently assigned to protected custody from approximately January 30, 2025, until March 13, 2025. [doc. # 22, p. 2].

---

[3] Plaintiff also spells the inmate's surname as "Turner."

For relief, Plaintiff seeks (1) compensation for his pain, suffering, and emotional distress; (2) "safer and better living conditions for inmates housed at Richland Parish Detention Center"; and (3) a transfer to another detention center. [doc. # 1, p. 4].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[4] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,*

---

[4] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A.*

4

*(Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Failure to Protect**

To state a failure-to-protect claim, a plaintiff must allege that a defendant's action or inaction amounted to deliberate indifference. That is, he must allege that a defendant "knew of and disregarded a substantial risk of serious harm." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001).

Here, Plaintiff does not plausibly allege that Defendants Dear and Cupp knew he was exposed to a substantial risk of serious harm. He claims that after he filed his PREA, "RPDC was aware of substantial risk of harm to [him] by other inmate for (RATTING)/Prea filing . . . [sic]." *Id.* However, he does not name RPDC as a defendant, and, even if he did, RPDC is not amenable to suit. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under

5

Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. RPDC does not qualify as a juridical person.

Plaintiff's primary claim appears to be that he was not assigned to protected custody or transferred to another facility after he filed his PREA and was instead assigned to G-dorm, where Inmate Turn attacked him. On December 28, 2024, he begged "Ms. Rigger and Ms. Nikki" to assign him to lockdown or transfer him because he was scared "that something was going to happen." *Id.* But he "was told that was up to Warden Dear and Warden Cupp." *Id.* He lived "in total fear for [his] safety from" December 27, 2024, until January 21, 2025. *Id.*

Plaintiff, however, does not explain how Defendants Cupp and Dear knew he was exposed to a substantial risk of serious harm. He does not, for instance, allege that Cupp and Dear ever received and read his PREA. And even if he did, he does not disclose the contents of his PREA, other than perhaps suggesting that Inmate Bryant slapped him and stripped him naked. But he is not alleging that any Defendant failed to protect him from Bryant; he is alleging that he was not protected from Turn, who attacked him approximately one month after he filed his PREA concerning Bryant. He does not allege that he informed any official at RPDC that Turn or any other inmate in G-Dorm posed a substantial risk of serious harm to him. Rather, at best, he alleges that because he filed a PREA, he thought others considered him a "snitch" and/or a "rat" and that, consequently, he feared someone would harm him. [doc. # 22, pp. 1, 2]. *See Silva v. Moses*, 542 F. App'x 308, 311 (5th Cir. 2013) ("the vague contention by Silva that, although the defendants knew of previous violent incidents, they declined to take unspecified protective measures to prevent future attacks such as the one on him, does not show that any risk to Silva was clear to the officers.").

Moreover, Plaintiff does not name Rigger or Nikki as Defendants. Even if he did, he only suggests that they knew about his PREA concerning Inmate Bryant, but as above he does not state that he included any information in his PREA revealing that he was exposed to a substantial risk of serious harm from Inmate Turn or other inmates if he was assigned to a dormitory rather than protected custody. [doc. # 22, pp. 1, 2]. In addition, he does not allege, for instance, that Turn even knew of his PREA filing or the contents thereof. At best, he alleges that he told Rigger and Nikki that he was scared and that "something was going to happen." [doc. # 22, p. 1]. That Rigger and Nikki knew of Plaintiff's fear of undisclosed danger because he filed a PREA does not plausibly demonstrate that Rigger and Nikki knew Plaintiff was exposed to a substantial risk of serious harm in G-Dorm.[5]

Next, Plaintiff states that on January 17, 2025, Turn beat another inmate, Henry Washington. [doc. # 8, p. 1]. He alleges that Turn did "not get locked up." *Id.* Plaintiff, however, does not claim that any Defendant failed to lock Turn "up."

Finally, Plaintiff mentions that his bunk was "right in front of the key, 3rd high[est] bunk." [doc. # 1-1, p. 1]. In a non-pleading filing, he mentions, "I had hard times getting name of CO's but came up with two Rainie & Hoffer. [sic]." [doc. # 8, p. 1]. Plaintiff, however, does not name Rainie and Hoffer as defendants. Even if he did, he does not specify what they did or did not do to violate his constitutional rights. Even speculating and assuming Plaintiff possibly alleges that Rainie and Hoffer were in the "key" near where Turn's attack occurred yet failed to

---

[5] To recall, the incident with Inmate Bryant allegedly occurred in F-Dorm.

notice and prevent the attack, Plaintiff's ostensible claim would amount to no more than possible negligence, which is insufficient to state a constitutional claim.[6]

The Court should dismiss Plaintiff's failure-to-protect claims.

### 3. Transfer

In addition to his requests for compensation and for injunctive relief for other prisoners at RPDC, Plaintiff seeks a transfer away from RPDC.

On March 13, 2025, Plaintiff was transferred to Bienville Parish Jail. Thus, his request for a transfer is moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (determining that an inmate's transfer to a different unit rendered claims for declaratory and injunctive relief moot); *Lee v. Richland Par. Det. Ctr.*, 483 F. App'x 904 (5th Cir. 2012) (affirming that a detainee's request for injunctive relief was moot because the detainee was no longer housed at the detention center). The Court should therefore dismiss Plaintiff's request.

### 4. Injunctive Relief for Other RPDC Prisoners

Plaintiff also seeks "safer and better living conditions for inmates housed at Richland Parish Detention Center."

---

[6] "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference . . . ." *Alton v. Texas A&M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999). "A state actor's failure to alleviate 'a significant risk that he should have perceived but did not,' while 'no cause for commendation,' does not rise to the level of deliberate indifference." *McClendon v. City of Columbia*, 305 F.3d 314, n.8 (5th Cir. 2002) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)); *see Mosley v. Anderson*, 425 F. App'x 343, 344 (5th Cir. 2011) ("To the extent that prison officials were negligent for not preventing the assault, Mosley is not entitled to relief on this basis."). "The failure of employees to notice and stop [an] assault constitutes negligence, not deliberate indifference." *Brumfield v. Natchitoches Par. Det. Ctr.,* 689 F. App'x 309, 310 (5th Cir. 2017).

Plaintiff lacks standing for this relief.[7]  Persons claiming a deprivation of constitutional rights are required to show a deprivation of their personal rights, as opposed to the rights of others.  *Coon v. Ledbetter*, 780 F.2d 1158, 1159 (5th Cir. 1986); *Barrows v. Jackson*, 346 U.S. 249, 255 (1953) ("Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party.").  In *Resendez v. Texas*, 440 F. App'x 305, 306 (5th Cir. 2011), for example, the court held that "to the extent that [the plaintiff] seeks to raise issues regarding the illegal confinement of other prisoners . . . , he lacks standing to bring those claims."  *See Kennedy v. Dallas Police Dep't*, 2007 WL 30260, at *2 (N.D. Tex. Jan. 4, 2007) (plaintiff may bring a Section 1983 action only for deprivations he suffered).[8]

In addition, Plaintiff may not function as counsel for other prisoners.  *See, e.g.*, *Wade v. Carrollton–Farmers Branch Indep. Sch. Dist.*, 2009 WL 2058446, at *2 (N.D. Tex. July 14, 2009) ("[I]ndividuals who do not have a law license may not represent other parties even on a next friend basis.").  Parties can represent themselves or they can be represented by an attorney; a non-lawyer cannot represent them.  *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (citing *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308-09 (2d Cir. 1991) (reviewing authority)).

Here, the Court will consider only the alleged harm that Plaintiff suffered.  Accordingly,

---

[7] Litigants must demonstrate standing with respect to the *type* of relief they seek.  *Adams v. Pearl River Valley Water Supply Dist.*, 2022 WL 2829756, at *3 (5th Cir. July 20, 2022).

[8] *See also Gregory v. McKennon*, 430 F. App'x 306, 310 (5th Cir. 2011) (holding that the plaintiff "would lack standing to seek § 1983 damages for violations of other prisoners' rights . . . ."); *Doe ex rel. Doe v. Beaumont Indep. Sch. Dist.*, 173 F.3d 274, 281 (5th Cir. 1999), on reh'g en banc sub nom. *Doe v. Beaumont Indep. Sch. Dist.*, 240 F.3d 462 (5th Cir. 2001) ("[W]hen making a determination of standing[,]" trial courts "are exhorted to consider . . . whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties.").

the Court should dismiss the relief Plaintiff seeks on behalf of other inmates.

**5. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

Plaintiff claims that after Turn struck him, he was placed in lockdown without first receiving a "write up." He also alleges that in lockdown, his food was cold, he could only shower approximately every two days, he only received five minutes outside of his cell, and he was not allowed to call home. [doc. # 8, p. 2].

Apart from seeking a transfer to another facility and injunctive relief for other prisoners—which the undersigned recommends dismissing above—Plaintiff seeks only compensation.

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Plaintiff "brought" this action when he was incarcerated. [doc. # 1, pp. 3, 6]. As to the claims concerning lockdown, he seeks monetary compensation for only mental or emotional injuries he suffered while in custody. He does not present a prior showing of physical injury or the commission of a sexual act as defined in 18 U.S.C. § 2246, with respect to his time in, or

10

assignment to, lockdown.  He does describe physical injuries from an attack, but they are unrelated to the extant claims and associated request for monetary compensation.  *See Delgado v. U.S. Marshals*, 618 F. App'x 236, 237 (5th Cir. 2015) (affirming the dismissal of one of several claims under 42 U.S.C. § 1997e(e), because although the plaintiff suffered a physical injury, the injury was not related to the claim to which the court applied Section 1997e(e)).[9]  In other words, he does not allege that he suffered any physical injury—or any other injury or damage compensable by monetary relief—*because* of his time in lockdown.

Accordingly, Plaintiff may not recover compensatory relief for these claims.  As Plaintiff does not seek any other cognizable relief for the claims, the Court should dismiss them.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Allan Clay Garlington, Jr.'s claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or

---

[9] *See also Jackson v. Herrington*, 393 F. App'x 348, 354 (6th Cir. 2010) ("Although Jackson repeatedly asserts that his larger '*action*' contains allegations of a dental injury, and implies that this meets the injury requirement, our precedent demonstrates that, absent injury related to the strip search, his Eighth Amendment claim is not cognizable under § 1997e(e)."); *Green v. Denning*, 2010 WL 781723, at *3 (D. Kan. Mar. 5, 2010) ("[T]he physical injury requirement in § 1997e(e) is claim specific."); *Turner v. Schultz*, 130 F. Supp. 2d 1216, 1224 (D. Colo. 2001) ("It would be contrary to this stated intent to allow a prisoner to bring any number of claims to court on the back of one injury."); *Beem v. Kansas*, 2012 WL 1534592, at *4 (D. Kan. Apr. 30, 2012) ("[M]erely bringing a case with one physical injury does not relieve all other claims from the physical injury requirement.").

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 9th day of July, 2025.

_____
Kayla Dye McClusky
United States Magistrate Judge